This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**GERALDINE PEREA,**

Petitioner-Appellant,

v. NO. 34,348

**ROMAN A. PAULINO,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah Davis Walker, District Judge**

Enlace Comunitario
Antoinette Sedillo Lopez
Delilah Tenorio
Julia White
Linda K. Wilson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Petitioner appeals an order of the district court establishing North Carolina as the "home state" of the children involved in this custody proceeding. Our calendar

notice proposed to affirm on the basis that the district court correctly applied the Uniform Child Custody Jurisdiction and Enforcement Act, NMSA 1978, §§ 40-10A-101 to -403 (2001) (the "UCCJEA"). Petitioner has filed a memorandum in opposition to that proposed summary judgment. Having duly considered that memorandum, we now affirm.

{2}     Petitioner's memorandum in opposition continues to argue that the district court should have considered evidence related to Sections 40-10A-207 and -208 and improperly deferred to the judgment of the North Carolina court in which Respondent had filed parallel proceedings with regard to that issue. [MIO 4-7] Petitioner's memorandum in opposition does not address the basis of this Court's proposed disposition, which is that the issues Petitioner would like to raise may be properly determined, under the UCCJEA, only by a court of the children's home state. [CN 4] Thus, it is not possible to interpret the UCCJEA to require or allow consideration of those issues as part of the determining which state is the home state of the children involved.

{3}     When an appeal is assigned to the summary calendar, "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Petitioner's memorandum in opposition does not point out any factual or legal error

in the calendar notice. Petitioner offers no support for the proposition that Sections 207 and 208 can be decided by any court outside the children's home state and makes no attempt to explain how matters to be decided by a court of the children's home state could be addressed before determining which state that is. Instead, Petitioner repeats her assertion that the district court should have considered that evidence because Sections 207 and 208 allow that evidence to be considered. [MIO 4-6] Petitioner's memorandum in opposition does not address the basis of this Court's proposed disposition and we are unpersuaded that the notice contains error.

{4}    Consequently, for the reasons stated in this Court's notice of proposed disposition, we affirm the district court's order determining that the children's home state is North Carolina.

{5}    **IT IS SO ORDERED.**


_____

**TIMOTHY L. GARCIA, Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Chief Judge**


_____

3

**JAMES J. WECHSLER, Judge**